UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY LEE BALDWIN,

    Plaintiff,

v.

DR. L. GAMBOA, et al.,

    Defendants.

Case No. 20-00676 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL INSTRUCTIONS TO THE CLERK**

(Docket No. 3)

Plaintiff, a California state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against employees of Salinas Valley State Prison ("SVSP"), where is currently incarcerated, and officers at the Del Norte County Sheriff's Office. Dkt. No. 1. Plaintiff has filed a motion for appointment of counsel. Dkt. No. 3. Plaintiff's motion for leave to proceed *in forma pauperis* shall be addressed in a separate order. Dkt. No. 2.

**DISCUSSION**

**A.**   <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.     Plaintiff's Claims

Plaintiff names the following as defendants in this action: Dr. Lawrence Gamboa, Chief Physician and Surgeon at SVSP in 2016; Dr. Darren Bright, Chief Physician and Surgeon at SVSP in 2018; Dr. Rosana Javate, physician and surgeon in B-Facility at SVSP; Dr Mandeep Singh, physician and surgeon at C-Facility in SVSP; Mr. Arik Anderson, Del Norte County Sheriff, and Mr. Bill Stevens, Del Norte County Deputy Sheriff, Jail Commander.  Dkt. No. 3.  This action is based on the medical care Plaintiff received for two separate injuries, the first to his left shoulder and the second to his face.  Plaintiff's claims also involve two separate groups of defendants located at two different institutions: SVSP and the Del Norte County Jail.  Accordingly, it may be that claims and parties have been improperly joined in this matter in violation of Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure.  However, it is unnecessary to consider whether severance is appropriate at this time because Plaintiff fails to allege sufficient facts to state a cognizable claim against any named defendant.

#### 1.     Shoulder Injury

Plaintiff claims that he suffered a left shoulder injury at another prison before arriving at SVSP in October 2015.  Dkt. No. 1 at 4.  His request to see an orthopedic surgeon was granted, such that on March 9, 2016, he was seen by Dr. Mark Kowall, an

2

orthopedic surgeon at Twin Cities Memorial Hospital, who recommended an MRI. *Id.* Plaintiff alleges that Defendant Dr. Gamboa denied the MRI, but that it was later granted after he filed a grievance on the matter. *Id.* He received the MRI on June 30, 2016, which revealed a "partial thickness tear of the rotator cuff, tendinopathy with impingement." *Id.* When Dr. Kowall recommended surgery after a follow-up visit on September 12, 2016, Defendant Dr. Gamboa denied the request. *Id.* Plaintiff claims he suffered intense pain and dramatically reduced range of motion for the next two years. *Id.*

On May 4, 2018, Plaintiff requested to a follow-up with the orthopedic surgeon, which was denied. Dkt. No. 1 at 5. In February 2018, Plaintiff had suffered a face injury for which he was also seeking treatment. *Id.* at 4. Dr. Sam Pajong, Plaintiff's doctor at the time, suggested focusing first on getting Plaintiff's jaw fixed before dealing with his shoulder. *Id.* at 6; *see infra* at 4. Plaintiff agreed with the treatment plan. *Id.* at 6.

After Plaintiff's jaw surgery was scheduled for August 15, 2018, Dr. Pajong resubmitted the request for a follow up with Dr. Kowall on August 8, 2018, and the request was granted. *Id.* at 7. Two weeks later on August 22, 2018, Plaintiff saw Dr. Kowall, who stated that his recommendation for surgery remained the same. *Id.* Plaintiff was approved for surgery on his left shoulder, which he received on December 3, 2018. *Id.* Dr. Kowall informed Plaintiff that recovery could be quite painful and last up to 6 months, and he prescribed morphine sulphate at 30 mg, twice daily. *Id.* At this time, Plaintiff was temporarily housed at the Correctional Training Facility ("CTF") in Soledad as an ad-seg overflow transfer. *Id.* at 7-8. He claims that the doctors at CTF followed Dr. Kowall's orders regarding his pain medication. *Id.* at 8.

When Plaintiff was transferred back to SVSP in January 2019, Plaintiff came under the care of Defendant Dr. Rosana Javate, who reduced his pain medication to 15 mg, three times daily. *Id.* at 8. Plaintiff filed a medical grievance against Dr. Javate for her actions. *Id.*

On February 13, 2019, Plaintiff was transferred to the Del Norte County Sheriff's

3

Department (the "Jail") for resentencing. *Id.* The Jail "cut off" his pain medication "for no reason except that the jail's blanket policy is no opioids." *Id*. Plaintiff claims after he filed a grievance, the Jail Commander partially granted the medical accommodation, but the Jail still failed to provide his medication due to the lack of paperwork in his medical file, i.e., the prescription for morphine. *Id.* He claims that he submitted the grievance to the 4th level review "10 months ago," but did not receive a response. *Id.* at 9.

On April 10, 2019, Plaintiff was transferred back to SVSP, where he submitted a sick call slip for follow-up and physical therapy, as well as an appointment with Dr. Kowall to renew his pain medication. *Id.* at 9. Plaintiff was seen by Dr. Javate, who would not renew his pain meds because he was now "weaned" off, but she submitted a request for services for Plaintiff to see Dr. Kowall. *Id.* On Mary 17, 2019, Plaintiff saw Dr. Kowall who diagnosed "frozen shoulder" due to the lack of physical therapy; he administered a subacromial steroid injection and scheduled a follow-up. *Id.* A month later on June 17, 2019, Plaintiff had a follow-up with Dr. Kowall to whom he described a lack of improvement in pain but slight improvement of range of motion due to physical therapy. *Id.* Plaintiff had an additional procedure with Dr. Kowall in December 2019, which involved a "forced manipulation of left shoulder to break up the blockage that had built up and impinged movement." *Id.* at 10.

Based on the above allegations, Plaintiff asserts that the CDCR caused him to suffer for 2 years with a torn rotator cuff without the benefit of pain management medications, and that the SVSP medical department is "breathtakingly incompetent or so deliberately indifferent." *Id.* Plaintiff also claims that the Del Norte Sheriff's Department is also responsible for contributing to his shoulder becoming frozen because the Jail was "more interested in how to avoid the cost of physical therapy and pain management medication." *Id.* at 11.

### 2. Face Injury

In February 2018, Plaintiff injured his face and shoulder when he ran face first into

4

a cement table while playing football. *Id.* Plaintiff did not seek medical attention until three weeks later. Dkt. No. 4. On March 13, 2018, he was seen by Defendant Dr. Javate. *Id.* at 4-5. Plaintiff complained of "intense agony" which prevented him from eating, sleeping and washing his face. *Id.* at 5. He was only able to open his jaw past "3/4 inch" after which the pain intensified if he tried to bite down," such that he was only able to eat smooth style peanut butter and over cooked ramen noodles. *Id.* Plaintiff asserts that he had visible injuries, i.e., blackened eyes and right eyeball that was "solid red from blood." *Id.* Plaintiff alleges that Dr. Javate "did not believe he was injured or did not care or [was] too incompetent to diagnose injuries." *Id.* Dr. Javate recommended that he drink plenty of water and take aspirin. She also ordered an x-ray which was taken the same day. *Id.* A few days later, Plaintiff received the x-ray results which showed "irregularity along the anterior nasal spine" among other things. *Id.* He claims that although he was notified that he was due to see a doctor to discuss the results, he was not seen until he submitted a sick slip approximately two months later. *Id.*

On May 4, 2018, he was seen by Dr. Pajong who submitted a request for services for a CT scan that was approved, although a follow-up with the ortho surgeon was denied. *Id.*; *see supra* at 3. The CT scan showed 3 fractures, and Plaintiff was referred to an ENT specialist. Dkt. No. 1 at 5. Plaintiff eventually received surgery on August 15, 2018. *Id.* at 6. Plaintiff claims that the ENT surgeon informed him that due to the extensive amount of time that had passed since the injury, the surgeon opted to perform a more complicated procedure. *Id.* Plaintiff alleges that "technically the surgery was a success in that [his] jaw can now move freely," but that he has a large knot of scar tissue in his cheek that is very uncomfortable. *Id.* Plaintiff claims that the delay between the injury and the surgery "is directly attributable to Dr. Javate" because she did not believe he was seriously injured despite visible injuries and who did not follow departmental procedure and schedule a follow up to discuss the x-ray results. *Id.* at 6-7. He claims that "[s]he was either deliberately indifferent to my injuries and pain or incompetent" and that "either way her

5

actions or lack thereof are reviewable through litigation." *Id.* at 7.

### 3. **Deliberate Indifference**

It appears that Plaintiff is attempting to assert a claim for deliberate indifference to serious medical needs. However, Plaintiff's allegations are not sufficient to state such a claim against each named defendant.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Assuming Plaintiff had serious medical needs, he fails to establish the second element, *i.e.*, that each named defendant acted with deliberate indifference to his serious medical needs. He names as defendants Dr. Lawrence Gamboa, Dr. Darren Bright, Dr. Rosana Javate, Dr. Mandeep Singh, Mr. Arik Anderson, and Mr. Bill Stevens. Dkt. No. 3. However, nowhere in his statement of claim does he describe the individual actions of

6

Defendants Bright,[1] Singh, Anderson, or Stevens to establish that they were personally involved in Plaintiff's medical care, or much less that they acted with deliberate indifference. To satisfy the second prong for a deliberate indifference claim, Plaintiff must allege that each individual defendant subjectively knew that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. If defendant should have been aware but was not, then there is no Eighth Amendment violation. *Gibson*, 290 F.3d at 1188.

With respect to Defendants Gamboa and Javate, Plaintiff describes their individual actions in more detail, but he again fails to allege that they acted with deliberate indifference. *Id.* The fact that Defendant Gamboa denied the requests for an MRI and surgery in 2016, without more, is not sufficient to establish a deliberate indifference claim; there must be an allegation that Defendant Gamboa knew that Plaintiff faced a substantial risk of serious harm and decided to disregard that risk when he chose to deny the requests for an MRI and surgery. The same is also true of Plaintiff's allegations against Defendant Javate. Plaintiff claims that when Defendant Javate saw him for a face injury on March 13, 2018, she "did not believe he was injured *or* did not care *or* [was] too incompetent to diagnose injuries." *See supra* at 4 (emphasis added). He merely speculates as to her motives rather than provide factual allegations. Furthermore, Plaintiff alleges that Defendant Javate ordered an x-ray on the same day, which does not indicate that she disregarded a substantial risk of serious harm and failed to take reasonable steps to abate it. With respect to Defendant Javate's alleged delay in following up with Plaintiff regarding his x-ray results, Plaintiff again merely speculates: "She was *either* deliberately indifferent to my injuries and pain *or* incompetent. Either way her actions or lack thereof are

---

[1] Plaintiff makes one statement involving Dr. Bright: "If the CMO, Dr. Darren Bright, has no faith in the experience and wisdom of the contracted orthopedic surgeon, I'm sure there must be a procedure in place in finding another orthopedic surgeon more in the CMO's taste." Dkt. No. 1 at 10. However, this statement involves pure speculation, and there are otherwise no factual allegations in the complaint that Dr. Bright was personally involved in Plaintiff's medical care.

7

reviewable through litigation." *See supra* at 5 (emphasis added). Plaintiff is mistaken. If Defendant Javate was merely negligent, then her actions were not unconstitutional because a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *see, e.g.*, *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); *McGuckin*, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights). Plaintiff shall be afforded an opportunity to file an amended complaint to state sufficient facts to support an Eighth Amendment claim against the appropriate defendants.

In preparing an amended complaint, Plaintiff should keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633. Accordingly, Plaintiff must allege sufficient facts describing each named defendant's actions or failure to act that caused the violation of his Eighth Amendment rights.

Plaintiff is also advised to keep Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure in mind when joining claims and parties in this action. "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P.

18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)). Furthermore, parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

C.   **Motion for Appointment of Counsel**

Plaintiff moves for appointment counsel based on his indigency, his imprisonment limits his ability to litigate, complexity of the issues, and he would be better served with counsel at trial. Dkt. No. 3. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Accordingly, Plaintiff's motion is **DENIED** without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the

Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 20-00676 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

2. Plaintiff's motion for appointment of counsel is **DENIED**. Dkt. No. 3.

3. The Clerk shall mail two copies of the court's form complaint to Plaintiff. This order terminates Docket No. 3.

**IT IS SO ORDERED.**

Dated: ___June 3, 2020_____

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.20\00676Baldwin_dwlta